WILLIAM H. DEAN ET UX., RESPONDENTS, v. THE BOROUGH OF PARK RIDGE, APPELLANT.

Argued October 10, 1930—Decided May 7, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the appellant, *Mackay & Mackay*.

For the respondents, *Hart & Vanderwart*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an appeal from a judgment entered in the Bergen Circuit Court as a result of granting a motion to strike out the answer filed by the defendant, the borough of Park Ridge. After striking out the answer, the court directed the entry of judgment in favor of the plaintiffs for the amount claimed by them in the complaint which they filed.

The case presents the following situation: The mayor and council of the borough of Park Ridge adopted an ordinance providing for the acquisition of land belonging to Mr. and Mrs. Dean and which the borough sought to acquire for use in connection with its water supply system. Being unable to agree with the owners for the purchase of the land, the borough instituted condemnation proceedings for its acquisition, and applied to Mr. Justice Parker of the Supreme Court for the appointment of commissioners. The application was granted on April 9th, 1927. Commissioners were duly appointed, the order of appointment directing that they file their report on or before the 31st day of May then next. The commissioners not having filed their report within the time limited by the order, the attorneys of the respective parties thereafter appeared before Mr. Justice Parker, and applied for an order permitting the commissioners to file their report at a subsequent date. This the justice refused to do, upon the ground that our eminent domain statute did not authorize such action. The attorneys then entered into a stipulation that, although the time for filing the report of the commissioners had expired, nevertheless, if the report was subsequently filed and an appeal was taken from the award of the commissioners, neither of the parties would object to the fact that the report was filed out of time, but would agree that it be considered as though it had been filed within the time limited. In accordance with this agreement, the commissioners filed their report on the 5th day of July, 1927, awarding the property owners $9,900 as compensation for the land which was the subject of the condemnation proceeding. The municipal authorities, apparently considering this award ex-

cessive, adopted a resolution refusing to accept it and ordering the abandonment of the condemnation proceeding. Thereupon the present suit was started in the Circuit Court, the plaintiffs seeking to recover from the borough the amount of this award. The defendant filed an answer, the purport of which was that the condemnation proceeding was of no force and effect and was not binding upon the borough, because the award of the commissioners was not filed within the time directed by the order appointing them. The Circuit Court judge, considering that this did not constitute a legal defense, directed, as has already been stated, that the answer be struck out and judgment for the amount of the award be entered in favor of the plaintiff.

We consider that this action on the part of the trial court constituted legal and harmful error. The sixth section of our Eminent Domain act (*Comp. Stat., p.* 2184), after providing that the commissioners appointed pursuant to the authority of the statute shall proceed to view and examine the land sought to be condemned, and make a just and equitable appraisement of the value of the same, and make a true report thereon in writing, then provides that they shall file their report within the time limited by the justice in the office of the clerk of the county in which the land is situated, and declares that "if the report is not made within the time limited, the powers of the commissioners shall cease, and an application may be made to a justice of the Supreme Court for the appointment of new commissioners on such notice as the justice may direct." In our opinion, this statute is mandatory, so far as it relates to the duty of the commissioners and the time within which that duty must be performed; and that the declaration of the legislature that, if the report is not made within the time limited, the powers of the commissioners shall cease, absolutely destroys their official position and renders any subsequent action by them nugatory. The case in this respect is like that of *State* v. *Davis,* 107 *N. J. L.* 199, where we held that an indictment presented by a grand jury after the expiration of the term for which it was appointed was a nullity because of the fact that the grand jury had then ceased to exist.

It is argued in opposition to this view that the effect of the agreement between counsel, to which reference has been made, barred the borough from taking advantage of the statute; and that, having made this agreement, it was estopped from setting up as a defense that the commissioners' report was nugatory. We are not impressed with this contention. The idea that counsel in a case can by mutual consent expunge from a statute the legislative mandate contained therein, and by their agreement give life to the commissioners' report, notwithstanding that, by force of the statute, it was made by persons whose power to make it had ceased to exist, is in plain disregard of legal principles; for, if it be sound, we see no reason why counsel, by mutual agreement, cannot abrogate a mandatory provision in any statute involved in a litigation between the parties whom they represent.

The judgment under review will be reversed.